UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In re:                                                            :         Chapter 13
    Gregory Sandberg                          :
                              Debtor(s)    :         Bankruptcy No.  17-12344

## DEBTOR'S RESPONSE TO CREDITOR'S OBJECTION TO CONFIRMATION

In support of said response Debtor avers as follows:

1. Debtor filed this case on February 7, 2017 bearing case number 17-12344 JNP.

2. Counsel for Harley Davidson filed an objection to confirmation on or about March 3, 2017.

3. Creditor's objection fails to claim that the vehicle is in violation of the 910 Rule.

4. Creditor fails to provide a valuation of the vehicle in its objection.

5. Creditor's Objection fails to mention that Debtor is entitled to In Re Till interest on the vehicle but clearly states that the interest rate on the vehicle is at 22.9%.

6. Creditor fails to mention in its objection if they believe the vehicle is not necessary to a proper reorganization in the present case.

7. Creditor's objection essentially says nothing other than they object to the treatment of their claim in the Debtor's Chapter 13 Plan; however, they fail to give any legal response why the treatment of their claim would violate the Bankruptcy Code in the present case.

8. Consequently, Debtor believes said objection was a frivolous objection in the present case and he should be entitled to attorney fees and costs as a result of having to file a response to the creditor's objection.

9. Debtor was diagnosed with cancer and uses the vehicle exclusively to get back and forth to his doctors.

10. By way of further response to Creditor's objection, Debtor uses the vehicle exclusively to get back and forth as his other vehicle, the 2005 Caprice, does not run.

11. Debtor's fiancé uses the Dodge Caravan to transport the children to school, activities, and etc.

12. Consequently, the vehicle is necessary to a proper reorganization in the Chapter 13 Bankruptcy.

13. The Harley Davidson was purchased on or about April of 2014; wherefore, the vehicle is not subject to the 910 rule and a cram-down would be proper in the present case.

14. Counsel pulled a valuation from NADA and said valuation averages between low retail of $4,730 and high retail of $6,225.00.   Obviously, Debtor's value of $6,000.00 is more than reasonable in the present case.

15. Debtor is entitled to 4% on the loan in accordance with the Supreme Court's holding in In Re Till.

Wherefore, Counsel for the Debtor hereby requests that the Court to award attorney fees and costs to the Debtor and confirm said case over the Creditor's objection in the present case.

Dated:  March 21, 2017

/s/ Mitchell Lee Chambers, Jr., Esq.
602 Little Gloucester Road, Suite 5
BLACKWOOD, NJ 08012
PHONE: (856) 302-1778
Fax (856) 302-1779
Counsel for Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | | | |
|---|---|---|---|
| In re: | : | Chapter 13 | |
|    Gregory Sandberg | : | | |
| Debtor(s) | : | Bankruptcy No. 17-12344 | |

**CERTIFICATION OF SERVICE**

I, Mitchell Lee Chambers, Esquire, counsel for Debtor, do hereby certify that, on the date hereof, I caused to be served, by fax or first class United States mail, postage prepaid, a true and correct copy of Debtor's Response upon Counsel for Creditor, the Chapter 13 Trustee, Debtor, and the U.S. Trustee, and the Debtor at the following fax numbers or addresses:

VIA ECF
Isabel C. Balboa, Trustee
535 Route 38
Suite 580
Cherry Hill, NJ 08002

VIA ECF
KML Law Group, PC
216 Haddon Avenue
Suite 406
Westmont, NJ 08108

VIA ECF
U. S. Trustee

VIA Email
Gregory Sandberg
186 Andoloro Way
Westville, NJ 08093

Dated: March 21, 2017

/s/ Mitchell Lee Chambers, Jr., Esq.
602 Little Gloucester Road, Suite 5
BLACKWOOD, NJ 08012
PHONE: (856) 302-1778
Fax (856) 302-1779
Counsel for Debtor